UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL, <br> Plaintiff, <br> v. <br> RUDOLPH AND SLETTEN INC., <br> Defendant. | Case No. 18-cv-01402-PJH <br><br> **ORDER RE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** <br><br> Re: Dkt. No. 7 |

The court has reviewed Magistrate Judge Laporte's Report and Recommendation (the "R&R") that recommends the court dismiss plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2), as well as pro se plaintiff Georgette G. Purnell's objections to the report.[1] The court adopts the R&R, and provides greater clarification and OVERRULES plaintiff's objection. The complaint is DISMISSED with leave to amend in accordance with the instructions below.

**BACKGROUND**

Plaintiff's complaint, filed on March 2, 2018, names a single defendant, Rudolph & Sletten Inc. Dkt. 1, Complaint at 1 ("Compl."). Without any factual support, the complaint alleges that the defendant discriminated against plaintiff based on her race, sex, and national origin in violation of Title VII of the Civil Rights Act of 1964 and that that discrimination resulted in her termination. Id. at 2. Plaintiff alleges that the alleged discriminatory events occurred on the following dates: August 21, 2016, March 22, 2017, August 29, 2017, and October 31, 2017. Id. at 2-3. The complaint's only other factual allegation about the defendant is a letter from a Rudolph & Sletten human resources

---

[1] On March 13, 2018, Judge Laporte granted plaintiff's request to proceed in forma pauperis. Dkt. 6.

manager stating plaintiff's last day working at Rudolph & Sletten was February 24, 2017. Id. at 7. Lastly, attached to plaintiff's objection to the R&R is the U.S. Equal Employment Opportunity Commission's (the "EEOC") right-to-sue letter dated December 26, 2017. Dkt. 11, Objection, Ex. A at 1.

Based on these sparse allegations, the court must dismiss plaintiff's complaint for two independent reasons. First, plaintiff has failed to show that she has exhausted her administrative remedies as required by Title VII. Second, because plaintiff is proceeding in forma pauperis, the complaint is subject to dismissal under § 1915(e)(2) for failure to state a claim.

**A.     Exhaustion of Administrative Remedies**

"To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." Lyons v. England, 307 F.3d 1092, 1103–04 (9th Cir. 2002). In order to exhaust her administrative remedies, a plaintiff must have (1) filed a timely charge with the EEOC, and (2) timely acted upon a right-to-sue letter. See 42 U.S.C. § 2000e-5(e)-(f); see also Myers-Desco v. Lowe's HIW, Inc., 484 Fed. App'x. 169, 171 (9th Cir. 2012) (same). Generally, plaintiff must "file a charge with the EEOC within 180 days of the alleged unlawful employment practice." Surrell v. California Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008); 42 U.S.C. § 2000e–5(e)(1). If the EEOC does not bring suit based on the charge, a plaintiff has ninety days to file the complaint in federal court after receiving the right-to-sue letter from the appropriate agency. Surrell, 518 F.3d at 1104; see 42 U.S.C. § 2000e–5(f)(1).

Plaintiff has not shown that she timely filed her EEOC charge within 180 days of the alleged unlawful employment practice's occurance. First, plaintiff has included no specific allegation about when the alleged unlawful event took place. Second, even if the court were to assume that plaintiff's last day of employment at Rudolph & Sletten was the relevant date, there are no allegations about when plaintiff filed her EEOC charge against the defendant. Accordingly, the court lacks subject matter jurisdiction because plaintiff has not shown she has exhausted her administrative remedies.

To show she has exhausted her administrative remedies, plaintiff's amended complaint must attach her EEOC charge against Rudolph & Sletten and the corresponding right-to-sue letter.

**B.     Section 1915(e)(2) Review**

In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the action fails to state a claim on which relief may be granted. § 1915(e)(2)(B). In reviewing a dismissal under § 1915(e)(2)(B)(ii) courts apply the same standard and considerations as reviewing a motion to dismiss under Rule 12(b)(6). McColm v. Anber, No. C 06-7369 PJH, 2007 WL 607661, at *6 (N.D. Cal. Feb. 23, 2007).

Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1). Though plaintiff has alleged that she was discriminated against based on her sex, race, and national origin, she has not alleged any facts about Rudolph & Sletten's alleged discriminatory conduct. Plaintiff's complaint therefore fails to state a claim and must be dismissed.

**C.     Plaintiff's Other Allegations**

Plaintiff's complaint and her objection to the R&R also attach right-to-sue letters and corresponding EEOC charges against two entities that are not defendants in this case, "Service West Inc." and "Northern California Carpenters Regional Counsel" (the "non-defendant entities"). See Compl. at 4, 5, 6, 8; Objection, Ex. A at 2. Neither the complaint nor plaintiff's objection contain any information about the relationship between these entities and the named defendant.

If plaintiff wishes the court to consider her allegations about the non-defendant entities, plaintiff's amended complaint must allege the relationship between each non-defendant entity and the named defendant. In addition, if plaintiff wishes to sue either of the non-defendant entities, plaintiff's amended complaint must name the entity as a

3

defendant, describe the relationship between it and Rudolph & Sletten, attach the relevant EEOC charge and corresponding right-to-sue letter, and plead facts that state a claim under Title VII as set forth above.

**CONCLUSION**

In accordance with the foregoing, plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. At minimum, plaintiff's amended complaint should include the EEOC charge against the named defendant Rudolph & Sletten, the corresponding right-to-sue letter, and the factual allegations giving rise to her discrimination claim against the defendant. Plaintiff's amended complaint may also include allegations about or name as a defendant either of the non-defendant entities, so long as plaintiff describes how they are related to defendant Rudolph & Sletten and attaches the relevant EEOC charge and right-to-sue letter. No other claims or parties may be added without leave of court. Any amended complaint shall be filed by May 18, 2018.

Plaintiff may wish to seek free legal advice by calling the Legal Help Center at 415-782-8982 or by signing up for an appointment at the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2795, San Francisco California 94102. The litigant can speak with an attorney who will provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: April 5, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge