UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGETTE G. PURNELL,
    Plaintiff,

v.

RUDOLPH AND SLETTEN Inc.,
    Defendant.

Case No.18-cv-01402-PJH

**ORDER RE 28 U.S.C. § 1915 REVIEW**

Re: Dkt. No. 14

The court is in receipt of plaintiff Georgette G. Purnell's First Amended Complaint (the "FAC"), timely filed on May 14, 2018, in compliance with this court's prior order. For the reasons set forth below, the court finds that the FAC states a claim under Title VII of the Civil Rights Act of 1964. Thus, the action shall not be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The FAC alleges that defendant Rudolph & Sletten Inc. terminated plaintiff on the basis of her race, sex, and national origin in violation of Title VII. In addition, plaintiff's charge filed with the U.S. Equal Employment Opportunity Commission (the "EEOC") on June 20, 2017, alleges that plaintiff was discharged because she complained about workplace discrimination. Ex. B. This too would constitute a violation of Title VII. On December 26, 2017, the EEOC dismissed plaintiff's charge and issued plaintiff a right-to-sue letter. Ex. B. Plaintiff subsequently filed this action on March 2, 2018.

**A.    Exhaustion of Administrative Remedies**

"To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." Lyons v. England, 307 F.3d 1092, 1103–04 (9th Cir. 2002). In order to exhaust her administrative remedies, a plaintiff must have (1) filed a timely charge with the EEOC within 180 days after the alleged unlawful employment practice occurred, and (2) timely acted upon the EEOC's right-to-sue letter by filing suit in federal court within 90 days after issuance of

1 that letter. See 42 U.S.C. § 2000e-5(e)-(f); see also Myers-Desco v. Lowe's HIW, Inc., 484 Fed. App'x. 169, 171 (9th Cir. 2012); 42 U.S.C. § 2000e–16(c).

Plaintiff has exhausted her administrative remedies and timely filed this action. See Ex. B at 1, 4.

**B.  Title VII**

Title VII provides that employers may not "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1).

Further, under § 704 of Title VII, it is unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." Poland v. Chertoff, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

The FAC sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Specifically, the FAC sets forth specific factual allegations showing plaintiff was subject to derogatory racial and gender-based comments made by her co-worker, plaintiff made a complaint about those comments to defendant's human resource department, and defendant's subsequent internal investigation into the matter confirmed plaintiff's account. Thereafter, defendant allegedly fired plaintiff because she missed a single meeting. Such allegations state a plausible claim that plaintiff is entitled to relief under Title VII.

By forthcoming order, the Clerk of Court will be directed to issue summons and the U.S. Marshal for the Northern District of California will be ordered to serve, without

prepayment of fees, a copy of the complaint, this order, and other documents upon the defendant.

**IT IS SO ORDERED.**

Dated: May 29, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge