UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>  Plaintiff,<br><br>  v.<br><br>RUDOLPH AND SLETTEN INC.,<br><br>  Defendant. | Case No. 18-cv-01402-PJH   (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER**<br><br>Re: Dkt. No. 56 |
| GEORGETTE G. PURNELL,<br><br>  Plaintiff,<br><br>  v.<br><br>SERVICE WEST INC.,<br><br>  Defendant. | Case No. 18-cv-01404-PJH   (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER**<br><br>Re: Dkt. No. 55 |

On March 2, 2018, Plaintiff Georgette G. Purnell filed these cases against Defendant Rudolph and Sletten, Inc. and Service West, Inc., alleging discrimination on the basis of race, sex, and national origin. (R&S Compl. ¶ 5, R&S Dkt. No. 1; SW Compl. ¶ 5, SW Dkt. No. 1.[1]) On November 29, 2018, Defendants filed separate but identical discovery letters regarding Plaintiff's refusal to respond to Requests for Production or to provide responsive documents, as well as Plaintiff's failure to provide initial disclosures to Defendant Rudolph and Sletten. (R&S Letter, R&S Dkt. No. 56; SW Letter, SW Dkt. No. 55.)

Although the discovery letters do not comply with the Court's standing order because they

---

[1] "R&S Dkt." refers to the docket in Case No. 18-cv-1402-PJH, while "SW Dkt." refers to the docket in Case No. 18-cv-1404-PJH.

are not joint letters, the Court will address the discovery letters on the merits because it appears Defendants attempted to meet and confer with Plaintiff, but were rebuffed. (R&S Letter at 3; SW Letter at 3.) In the future, however, all parties are required to comply with the Court's meet and confer requirements and discovery procedures.

## I. LEGAL STANDARD

Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Rule 34(a) provides:

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
> (B) any designated tangible things[.]

Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served . . . ." Fed. R. Civ. P. 34(b)(1).

All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which requires the court to limit discovery upon a finding (1) that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) that the party seeking discovery has had ample opportunity to obtain the information sought, or (3) that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources,

the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

## II. DISCUSSION

Here, each Defendant served identical Requests for Production ("RFPs") on Plaintiff on August 31, 2018. (R&S Letter at 2; SW Letter at 2.) Thus, Plaintiff's responses were due by October 1, 2018. *See* Fed. R. Civ. P. 34(b)(1). Plaintiff did not respond to the RFPs, but instead told Defendants' counsel on October 11, 2018 "to move to compell [sic] those documents you have requested." (R&S Letter at 2; SW Letter at 2.) When Service West's counsel e-mailed Plaintiff on November 12, 2018, asking to meet and confer, Plaintiff for the first time asserted that she was refusing to comply with the RFPs because they were "burdensome, expensive, and work product materials." (R&S Letter at 3; SW Letter at 3.) Plaintiff has also failed to provide initial disclosures to Defendant Rudolph and Sletten. (*Id.*)

Plaintiff is not entitled to refuse to respond to the RFPs or to provide initial disclosures. As a civil litigant in federal court, Plaintiff is required to comply with the Federal Rules of Civil Procedure, as well as this Court's local rules and General Orders. While the Court recognizes that Plaintiff is acting *pro se*, "[a] person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules." Civil Local Rule 3-9(a). Thus, Plaintiff cannot refuse to satisfy her discovery obligations and force opposing counsel to file unnecessary motions; such actions burden both Defendants' counsel and the Court, and will not be tolerated in the future.

Accordingly, the Court ORDERS Plaintiff to respond to both Defendants' RFPs and provide her initial disclosures to Defendant Rudolph and Sletten within **fourteen days** of the date of this order. Because Plaintiff is acting *pro se*, the Court will permit Plaintiff to raise objections; these objections, however, must be proper. Plaintiff cannot, for example, object merely on the basis of burden or expense; by choosing to bring the instant lawsuit, she has taken on discovery obligations that she must now satisfy. Plaintiff also cannot refuse to withhold every document responsive to Defendants' RFPs on the grounds of "work product" as this objection only applies

where the documents are prepared in anticipation of litigation. *See* Fed R. 26(b)(3)(A). Further, if Plaintiff believes a request is not relevant, she must explain why; she cannot simply object that the request is irrelevant.

Plaintiff is also forewarned that further failure to cooperate in discovery could lead to sanctions, including monetary sanctions and evidentiary sanctions that prevent Plaintiff from using certain evidence at trial. Refusal to comply with discovery obligations may also lead to terminating sanctions and/or dismissal for failure to prosecute.

### III.  CONCLUSION

For the reasons stated above, Plaintiff is ORDERED to respond to Defendants' RFPs and provide her initial disclosures to Rudolph and Sletten within **fourteen days** of the date of this order.

To assist with discovery, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk--a free service for *pro se* litigants--by calling (415) 782-8982. The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff. This manual, and other free information, is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: December 11, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge