UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL, <br> Plaintiff, <br> v. <br> RUDOLPH AND SLETTEN INC., <br> Defendant. | Case No. 18-cv-01402-PJH (KAW) <br><br> **ORDER DENYING MOTION TO COMPEL PRODUCTION** <br> Re: Dkt. No. 69 |

On February 21, 2019, the Court received Plaintiff's motion to compel production. (Plf.'s Mot. to Compel, Dkt. No. 69.) The Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having considered the motion and the relevant legal authority, the Court DENIES the motion.

As an initial matter, Plaintiff's motion fails to comply with the Court's standing order, which is available at: https://cand.uscourts.gov/kaworders. Prior to filing any discovery-related motions, parties must meet and confer on the discovery dispute in an effort to resolve the matter. (Westmore Standing Ord. ¶ 12.) Only after meeting and conferring may the parties file a joint discovery letter, which must lay out each party's position. (Westmore Standing Ord. ¶ 13.) Here, there is no showing that Plaintiff made any attempt to meet and confer with Defendant prior to filing the motion to compel. While Plaintiff is *pro se*, Plaintiff must still comply with the Court's standing order. In the future, Plaintiff must comply with the Court's meet and confer requirements and discovery procedures prior to filing any discovery disputes. Otherwise, the Court may terminate the discovery motion without reviewing the merits.

In the interest of efficiency, however, the Court will rule on Plaintiff's motion to compel. On December 31, 2018, Plaintiff requested production of or an opportunity to inspect a certified

copy of Plaintiff's December 5, 2018 deposition transcript. (Plf.'s Mot. to Compel, Exh. A at 2.) Plaintiff argues that she should be given the deposition transcript because she has been granted *in forma pauperis* status. Courts in this Circuit, however, have explained that "[a] defendant is not required to provide the plaintiff with a copy of his deposition transcript," and that a "plaintiff cannot obtain a copy of h[er] deposition transcript free of charge through a request for production." *Vanderbusch v. Chokatos*, Case No. 1:13-cv-1422-LJO-EPG (PC), 2018 U.S. Dist. LEXIS 100860, at *5 (E.D. Cal. June 14, 2018); *see also Boston v. Garcia*, Case No. 2:10-cv-1782 KJM DAD P, 2013 U.S. Dist. LEXIS 38921, at *5 ("defendants are not required to provide plaintiff with a copy of his deposition transcript"). Further, courts have found that even when a "plaintiff was granted leave to proceed in forma pauperis in this action, such status does not entitle h[er] to a free copy of h[er] deposition transcript." *Jones v. Jimenez*, Case No. 1:14-cv-2045-DAD-SAB (PC), 2018 U.S. Dist. LEXIS 72425, at *11 n.2 (E.D. Cal. Apr. 30, 2018); *see also Halliford v. Cal. Dep't of Corrections*, No. CIV S-05-0573 FCD DAD P, 2010 U.S. Dist. LEXIS 35184, at *4 (E.D. Cal. Mar. 12, 2010) ("There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a deposition transcript.").

Accordingly, the Court DENIES Plaintiff's motion to compel Defendant to produce or permit the inspection of Plaintiff's December 5, 2018 deposition transcript.

IT IS SO ORDERED.

Dated: March 5, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge