UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL, <br> Plaintiff, <br> v. <br> RUDOLPH AND SLETTEN INC., <br> Defendant. | Case No. 18-cv-01402-PJH (KAW) <br><br> **ORDER REGARDING DISCOVERY LETTER** <br> Re: Dkt. No. 67 |

On March 2, 2018, Plaintiff Georgette G. Purnell filed these cases against Defendants Rudolph and Sletten, Inc. and Service West, Inc., alleging discrimination on the basis of race, sex, and national origin. (*See* Dkt. No. 1.)[1] On February 20, 2019, Defendants filed a discovery letter regarding Plaintiff's response to their Requests for Production ("RFPs"). (Discovery Letter, Dkt. No. 67.)[2]

This is the second letter filed by Defendants regarding Plaintiff's response to their RFPs. On November 29, 2018, Defendants unilaterally filed discovery letters regarding Plaintiff's refusal to respond to the RFPs. (*See* Dkt. No. 56.) Defendants explained that they were unable to obtain Plaintiff's position for the discovery letters because Plaintiff would not respond. (*Id.* at 1 n.2.)

On December 11, 2018, the undersigned ordered Plaintiff to respond to the RFPs, explaining that "Plaintiff is not entitled to refuse to respond to the RFP" because "[a]s a civil litigant in federal court, Plaintiff is required to comply with the Federal rules of Civil Procedure,

---

[1] The cases were originally filed separately; on January 9, 2019, the cases were consolidated. (Dkt. No. 64.)

[2] The parties are reminded that this case has been referred to the undersigned for discovery purposes. (Dkt. No. 57.) Discovery matters should be addressed to the undersigned, and comply with the undersigned's standing order.

as well as this Court's local rules and General Orders." (Dec. 11, 2018 Ord. at 3, Dkt. No. 58.) The Court informed Plaintiff that she "cannot refuse to satisfy her discovery obligations and force opposing counsel to file unnecessary motions; such actions burden both Defendants' counsel and the Court, and will not be tolerated in the future." (*Id.*) The Court also warned that "further failure to cooperate in discovery could lead to sanctions, including monetary sanctions and evidentiary sanctions that prevent Plaintiff from using certain evidence at trial. Refusal to comply with discovery obligations may also lead to terminating sanctions and/or dismissal for failure to prosecute." (*Id.* at 4.)

On December 17, 2018, Plaintiff filed a response to Defendants' discovery letters, asserting that no order requiring production was necessary because "the facts of the matter remain[] the same as presented in the complaint and the case management statements offered by plaintiff." (Dkt. No. 59 at 2.) On December 19, 2018, the Court issued a second order, explaining that "[i]t is not enough to state that the facts of the case are the same as in the complaint and the case management statements; Plaintiff must still *prove* her case with actual evidence, and provide that evidence to Defendants to the extent it has been requested." (Dec. 19, 2018 Ord. at 2, Dkt. No. 60.) The Court again ordered Plaintiff to respond to Defendants' RFPs. (*Id.*)

On December 26, 2018, Plaintiff filed a response to the December 11, 2018 Order, again complaining that the documents requested were burdensome and too expensive to produce. (Dkt. No. 62 at 2.) Plaintiff also attached approximately 84 pages of documents. On February 4, 2019, Plaintiff filed a response to the December 19, 2018 Order, asserting that it should be "discharged" because she had complied. (Dkt. No. 66 at 2.) Plaintiff also stated that if Defendants were dissatisfied, "the pleasure would be theirs to move in this court accordingly." (*Id.*)

On February 20, 2019, Defendants filed the instant discovery letter. Again, Defendants were unable to obtain Plaintiff's position because although they had "solicited content for this letter brief from Plaintiff on three occasions[,] Plaintiff has provided nothing in response." (Discovery Letter at 1.) Defendants' discovery letter again seeks responsive documents to the RFPs, on the grounds that during Plaintiff's December 5, 2018 deposition, Plaintiff testified to having responsive documents such as calendars, journals, photographs, employee handbooks,

written statements from current or former employees regarding co-worker Mike Jones, documents related to jobs Plaintiff applied for, and written warnings issued by Defendant Service West. (*Id.* at 2-3.) Plaintiff, however, had not produced such documents. Defendants also stated that Plaintiff had still failed to provide written responses to the RFPs. (*Id.* at 4.) Defendants thus requested that the Court order Plaintiff to serve verified responses and produce all responsive documents, as well as sanction Plaintiff $5,000 for her refusal to cooperate. (*Id.* at 5.)

To obtain the documents, Defendants initially reached out to Plaintiff on January 30, 2019, explaining that Plaintiff had not served written responses and outlining the documents Plaintiff had referenced during her deposition that had not been produced. (Discovery Letter, Exh. A at 1.) On February 2, 2019, Plaintiff responded that she had disclosed all documents she had access to other than the witnesses she intended to call. (Discovery Letter, Exh. B at 2.) On February 4, 2019, Defendants explained that Plaintiff had to serve written responses, and provided templates and verification forms to assist. (*Id.* at 1.) Defendants further informed Plaintiff that if she believed she had already served all documents in her possession, she could indicate that in her written responses to each RFP. (*Id.*) Defendants requested the written responses and signed verifications by February 7, 2019.

On February 8, 2019, Defendants followed up after Plaintiff failed to provide written responses. (Discovery Letter, Exh. C at 1.) On February 9, 2019, Plaintiff responded: "having discussed this matter of disclosures thoroughly in the past, please feel free to now involve the court. It will be my pleasure." (*Id.*)

As previously stated, Plaintiff is **required** to participate in discovery, including complying with the Federal Rules of Civil Procedure and the Local Rules. Plaintiff has chosen to bring this case against Defendants, and Plaintiff is therefore required to cooperate in discovery. Plaintiff has provided no acceptable justification for failing to provide her verified responses to the RFPs, in which she can confirm that she has no remaining responsive documents if that is the case. Instead, Plaintiff has willfully refused to satisfy her discovery obligations, and in doing so unnecessarily burdened both Defendants and the Court by requiring Defendants to seek judicial intervention.

Accordingly, the Court ORDERS Plaintiff to provide written, verified responses to the

RFPs, as well as any remaining responsive documents within **two weeks** of the date of this order. Plaintiff may not object. If Plaintiff has no further responsive documents to produce, her verified responses should so state. The Court will not award monetary sanctions at this time. The Court, however, again warns Plaintiff that failure to provide the written, verified responses as required by this Order may result in the Court recommending the imposition of evidentiary and/or terminating sanctions. In other words, Plaintiff's continued refusal to comply with her discovery obligations in this case will result in disastrous consequences to her case, including dismissal.

Should future discovery disputes arise, Plaintiff **must** comply with the Court's standing order regarding discovery, which includes meeting and conferring with Defendants and providing her position for discovery letters to be filed with the Court.

To assist with discovery, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982. The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff. This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: March 6, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge