UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL, <br> Plaintiff, <br> v. <br> RUDOLPH AND SLETTEN INC., <br> Defendant. | Case No. 18-cv-01402-PJH (KAW) <br><br> **ORDER RE DISCOVERY LETTER; ORDER TO SHOW CAUSE** <br> Re: Dkt. No. 79 |

On March 2, 2018, Plaintiff Georgette G. Purnell filed these cases against Defendants Rudolph and Sletten, Inc. and Service West, Inc. ("SW"), alleging discrimination on the basis of race, sex, and national origin. (*See* Dkt. No. 1.)[1] On April 5, 2019, Defendant SW filed a unilateral discovery letter regarding Plaintiff's response to Defendant SW's Interrogatories, Set One. (Discovery Letter, Dkt. No. 79.) Having reviewed the discovery letter and relevant legal authorities, the Court GRANTS Defendants' request for supplemental responses. Additionally, the Court ORDERS Plaintiff to show cause why the Court should not recommend terminating sanctions.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome,

---

[1] The cases were originally filed separately; on January 9, 2019, the cases were consolidated. (Dkt. No. 64.)

or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## II. DISCUSSION

### A. Discovery Letter

This is the third unilateral discovery letter filed by Defendants in this case, due to Plaintiff's refusal to participate in the joint discovery letter process. (*See* Dkt. Nos. 59, 67.) The Court has repeatedly admonished Plaintiff for failing to comply with the Court's meet and confer requirements and not providing her position for discovery letters. (*See* Dkt. No. 58 (Dec. 11, 2018 Ord.) at 2 ("In the future, all parties are required to comply with the Court's meet and confer requirements and discovery procedures."); Dkt. No. 71 (Mar. 6, 2019 Ord.) at 4 ("Should future discovery disputes arise, Plaintiff **must** comply with the Court's standing order regarding discovery, which includes meeting and conferring with Defendants and providing her position for discovery letters to be filed with the Court.").) Plaintiff, however, again refused to meet and confer.

On March 21, 2019, Defendant SW e-mailed Plaintiff regarding its concerns about her interrogatory responses, and asked that Plaintiff provide dates to meet and confer. (Discovery Letter at 1.) On March 22, 2019, Plaintiff responded by stating:

> Be advised that with regards to any discussion with regarding any further depositions planned; that ship been sailed already, the same resolution lies with regards my answers to your interrogatories, and for further documents. These has been addressed adequately enough to withstand your brief, or motion to compel. So let the pleasure be yours to do now what you feel you should do. I asked you for one thing, you said no. Now you're asking me for yet other things.

> Don't work that way.  Meet me half way then I'll be open to talk.
> Anything less.  Bring whatever you can.

(Discovery Letter, Exh. D.)  Plaintiff did not provide her position prior to the filing of this discovery letter on April 5, 2019.  Instead, on April 19, 2019 -- after the discovery letter was filed -- Plaintiff filed an opposition and request for sanctions.  (Plf.'s Opp'n, Dkt. No. 84.)  In her opposition, Plaintiff complained that Defendants should not be spending more time on discovery and that the case should instead proceed to trial.  (*Id.* at 2-3.)  Plaintiff also sought $5,000 in sanctions.  (*Id.* at 3.)

Plaintiff's response is inappropriate.  Plaintiff is not permitted to withhold her discovery because she is dissatisfied with Defendants' production.[2]  Plaintiff is obliged to participate in the meet and confer process, and her failure to do so continues to "unnecessarily burden[] both Defendants and the Court by requiring Defendants to seek judicial intervention."  (Mar. 6, 2019 Ord. at 3.)  In light of Plaintiff's repeated failures to meet and confer, the Court GRANTS the request for supplemental responses to Defendant SW's Interrogatories, Set One.  In the future, Plaintiff's failure to comply with the meet and confer requirements **will** result in the Court granting Defendants' discovery requests.  As the Court is granting the relief sought by Defendant SW, Plaintiff's request for sanctions is denied.  The Court also finds no basis for recommending that discovery deadlines, such as the July 31, 2019 fact discovery cut-off, be changed.  Defendant may propound discovery, and Plaintiff is obliged to respond appropriately for the full discovery period set by the District Judge.

Even if Plaintiff had not failed to meet and confer, the Court finds that supplemental responses are necessary because, as discussed below, Plaintiff's responses are deficient.

### i. Introductory Language

Defendant SW challenges Plaintiff's statement in her responses that she is providing information to the best of her recollection, "other than those answers providing information which would compromise the suit . . . ."  (Discovery Letter, Exh. B at 2.)  Plaintiff is not permitted to

---

[2] To the extent Plaintiff is referring to Defendants' failure to produce her deposition transcript, the Court has already denied Plaintiff's motion to compel that production.  (*See* Dkt. No. 70.)

1   withhold information because of its potentially negative impact on her case. Plaintiff must
2   provide complete information, and remove this improper language from her supplemental
3   responses.

### ii. Interrogatory Nos. 6 and 7

Interrogatory Nos. 6 and 7 seek information -- *i.e.*, dates, nature of the complaint, and name of each person to whom the complaint was made -- as to any complaints Plaintiff made to Defendants about unlawful conduct. (*See* Discovery Letter, Exh. A at 4.) Plaintiff responded: "These too has been addressed above. No further elaboration is necessary." (Discovery Letter, Exh. B at 3-4.) In response to Interrogatory No. 7, Plaintiff also stated that "most of [Plaintiff's] documents were in a car which Fresno Police officers towed away on August 30, 2018 which a complaint is now pending against (NO: 19-cv-00210-DAD-BAM." (*Id.* at 4.)

These answers are insufficient. While Plaintiff stated in response to Interrogatory No. 1 that she "did report all incidents over and repeatedly to Supervisors Gino Daniels, and Henry Moa," Plaintiff provides no other information about these complaints, including the dates, whether the complaints were written or verbal, and what Plaintiff told Mr. Daniels and Mr. Moa. (*See* Discovery Letter, Exh. B at 2.) Plaintiff shall provide supplemental responses with further detail as to these complaints.

### iii. Interrogatory No. 8

Interrogatory No. 8 seeks information on any written or recorded statements Plaintiff has obtained concerning her complaints, including the person from whom the statement was obtained, the substance of the statement, the number of pages (if written) or minutes (if recorded) of each statement, the date the statement was obtained, and the individual who obtained the statement. (Discovery Letter, Exh. A at 5.) In response, Plaintiff stated: "These are work product information, and is included within the initial complaint."

Again, this answer is insufficient. The work product doctrine does not apply here, as the purpose of the doctrine is "shelter[] the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Here, Plaintiff is acting pro se, and she does not suggest that the information

sought was the product of an attorney or attorney's representative. Moreover, the information requested does not touch upon Plaintiff's strategic thinking, but factual statements she has obtained from others. *See Robbins v. Chase Manhattan Bank, N.A.*, No. 97 Civ. 0676(DAB), 1998 WL 106152, at *1 (S.D.N.Y. Mar. 9, 1998) (compelling production of pro se plaintiff's notes because "[e]ven assuming that a *pro se* litigant may be equated with an attorney for purposes of this analysis, Ms. Robbins' notes do not indicate her strategic thinking, but are instead a diary of her factual observations"). Further, while Plaintiff's amended complaint attaches some notes regarding what appears to be a Human Resources investigation into an incident between Plaintiff and Mr. Mike Jones, Plaintiff does not state that these are the only statements that Plaintiff obtained. (Amended Compl., Exh. A at 2-10, Dkt. No. 14.) Plaintiff shall therefore provide a supplemental response answering the Interrogatory in full.

### iv. Interrogatory No. 13

Interrogatory No. 13 states: "Please identify the nature and amount of any and all damages (*i.e.*, financial losses) that you claim to have suffered as a result of any of the conduct by Service West and/or Rudolph and Sletten that you allege in your Complaints." (Discovery Letter, Exh. A at 6.) In response, Plaintiff states that for each Defendant, she seeks: "Approximately The Sum Of Two Million Dollars, Compensatory and Punitive." (Discovery Letter, Exh. B at 5.)

Again, this is insufficient. Defendant SW requested specific information about the damages Plaintiff claim she suffered; Plaintiff cannot respond with a lump sum that includes non-compensatory damages such as punitive damages. This prevents Defendants from determining what damages Plaintiff suffered and testing Plaintiff's theory of damages. Plaintiff must provide a supplemental response identifying each category of damages and the specific dollar amount claimed, such as financial losses, lost wages, or emotional distress.

### v. Interrogatory No. 15

Interrogatory No. 15 asks for information about any other lawsuits Plaintiff has brought. (Discovery Letter, Exh. A at 6-7.) Plaintiff responded: "Beyond the scope of this matter at issue. Absolutely no relevance." (Discovery Letter, Exh. B at 5.)

In the discovery letter, Defendant SW explains that Defendant is seeking this information

because it believes Plaintiff has brought at least two other lawsuits arising out of the same facts Plaintiff alleges in the instant case. (Discovery Letter at 3-4.) Defendant SW thus seeks the information so that it can review the lawsuits and determine if there is overlap with the claims at issue here. (*Id.* at 4) As a compromise, Defendant SW requests information about Plaintiff's lawsuits against Patio Bar, the Sunnyvale Police Department, and the Fresno Police Department. (*Id.*)

The Court finds that Plaintiff's lawsuits against Patio Bar and the Sunnyvale Police Department are relevant because they involve overlapping facts with this case. Specifically, during the Human Resources investigation, Plaintiff stated that Mr. Jones was spreading rumors and gossip about her regarding an incident at the Patio Bar where she was arrested, and that she had brought lawsuits against both the Patio Bar and the police department. (*See* Amended Compl., Exh. A at 3.) Information about Plaintiff's lawsuit against the Fresno Police Department is also relevant because it goes directly to evidence in this case, as Plaintiff asserted on February 22, 2019 that documents from this case were in her vehicle when it was towed by the Fresno Police Department. (*See* Dkt. No. 72, Exh. A at 2 (Plaintiff's February 22, 2019 e-mail).) Accordingly, Plaintiff is ordered to provide the requested information as to these three cases.

### vi. Interrogatory No. 16

Interrogatory No. 16 requests information as to any felony or misdemeanor conviction Plaintiff has. (Discovery Letter, Exh. A at 7.) Plaintiff again responded that the interrogatory sought irrelevant information. (Discovery Letter, Exh. B at 5.)

In certain circumstances, evidence of criminal convictions are admissible for impeachment purposes. *See* Fed. R. Evid. 609. For example, evidence of a criminal conviction for a crime that has an element of a dishonest act or false statement must be admitted for the purposes of attacking a witness's character for truthfulness. Fed. R. Evid. 609(a)(2). Thus, information on Plaintiff's criminal convictions is discoverable. Moreover, Defendant SW explains that Plaintiff's employment was terminated because she failed to appear at work, and that Plaintiff had testified that the reason she failed to appear was for unexpected incarcerations and mandatory court appearances. (Discovery Letter at 4.) Information regarding Plaintiff's convictions therefore go to

6

1 Plaintiff's work performance and whether her firing was justified. Accordingly, Plaintiff is ordered to provide a complete response to this interrogatory.

### vii. Interrogatory No. 21

Interrogatory No. 21 asks Plaintiff to provide information regarding a storage unit she described in her deposition. (Discovery Letter, Exh. A at 8.) Plaintiff responded that the interrogatory was "[b]eyond the scope, having nothing to do with the matter."

Defendant SW explains that during Plaintiff's deposition, Plaintiff testified that she believed numerous documents for this case were in her storage unit, but that she could not access them because she had been locked out. (Discovery Letter at 5.) Defendant SW therefore seeks information about the storage unit to determine if evidence regarding this case is located in the storage unit, and whether Plaintiff in fact does lack access. (*Id.*) The Court finds this information relevant and orders Plaintiff to provide a complete response to this interrogatory.

### viii. Interrogatory No. 22

Finally, Interrogatory No. 22 requests that for each of Plaintiff's denials to Defendant SW's Request for Admissions, Plaintiff state the number of the request, explain why the request was denied, identify the facts upon which Plaintiff bases her response, and identify the documents that support the denial. (Discovery Letter, Exh. A at 8.) Plaintiff responded: "All requests denials were done in accordance with laws, and the protection of work products, so as not to compromise the trial tactics I intend to employ, which should be respected." (Discovery Letter, Exh. B at 6.)

Plaintiff's response is inadequate. As discussed more fully above, the work product privilege does not apply, nor does it protect factual information. Further, Plaintiff cannot hide information until trial; discovery requires that Plaintiff produce the facts and evidence she intends to rely upon at trial. She will not be permitted to present undisclosed evidence at trial. Plaintiff must provide a complete response to this interrogatory.

### B. Order to Show Cause

Defendant requests that the Court sanction Plaintiff $2,500 for refusing to cooperate in the discovery process. (Discovery Letter at 6.) The Court declines to grant monetary sanctions at this time, particularly in light of Plaintiff's in forma pauperis status.

The Court, however, finds that Plaintiff's repeated discovery tactics are highly improper. Plaintiff has refused to cooperate in discovery, including not meeting and conferring, withholding information, and necessitating unnecessary motion practice. Although Plaintiff is proceeding *pro se*, "[a] person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules." (Civil L. R. 3-9.) In its March 6, 2019 order, the Court cautioned Plaintiff that "Plaintiff's continued refusal to comply with her discovery obligations in this case will result in disastrous consequences to her case, including dismissal." Despite the Court's repeated warnings, Plaintiff has continued to abuse the discovery process, telling Defendants that "the pleasure be yours to" bring further discovery motions, wasting the time of both Defendants and the Court. (*See* Discovery Letter, Exh. D.)

In light of this behavior, the Court ORDERS Plaintiff to show cause, by **May 7, 2019**, why the Court should not recommend terminating sanctions (*i.e.*, dismissal of her case). Failure to file a timely response may result in the Court recommending terminating sanctions.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS Plaintiff to provide complete and verified supplemental responses to the disputed interrogatories, as detailed above. Plaintiff's supplemental responses must be provided to Defendant SW by **May 7, 2019**. Plaintiff's response to the order to show cause is also due by **May 7, 2019**. To the extent that Plaintiff does not fully understand the discovery rules, the Court recommends that she seek assistance from the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982. There, she can receive assistance from a licensed attorney. Plaintiff may also wish to consult the Court's manual for use by *pro se* litigants. This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: April 23, 2019

KANDIS A. WESTMORE
United States Magistrate Judge