UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>    Plaintiff,<br><br>    v.<br><br>RUDOLPH AND SLETTEN INC.,<br><br>    Defendant. | Case No. 18-cv-01402-PJH (KAW)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DENYING MOTION FOR LEAVE TO FILE BRIEFING; TERMINATING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 85, 87, 89 |

On March 2, 2019, Plaintiff Georgette G. Purnell filed these cases against Defendants Rudolph and Sletten, Inc. ("R&S") and Service West, Inc. ("SW"), alleging discrimination on the basis of race, sex, and national origin. (*See* Dkt. No. 1.)[1] After Plaintiff again failed to meet and confer, Defendant SW filed a unilateral discovery letter regarding Plaintiff's response to Defendant SW's Interrogatories, Set One on April 5, 2019. (Dkt. No. 79.)

On April 23, 2019, the Court issued an order on Defendant SW's discovery letter, requiring Plaintiff to provide supplemental responses. (Dkt. No. 85 at 1.) The Court also explained, not for the first time, "that Plaintiff's repeated discovery tactics are highly improper. Plaintiff has refused to cooperate in discovery, including not meeting and conferring, withholding information, and necessitating unnecessary motion practice." (*Id.* at 8.) Moreover, Plaintiff's "continu[ing ] abuse [of] the discovery process" had resulted in her "wasting the time of both Defendants and the Court." (*Id.*) Thus, the Court ordered Plaintiff to show cause, by May 7, 2019, why the Court should not recommend terminating sanctions. (*Id.*)

On April 24, 2019, Defendants filed an administrative motion for leave to file briefing in

---

[1] The cases were originally filed separately; on January 9, 2019, the cases were consolidated. (Dkt. No. 64.)

support of terminating sanctions, or for instructions on filing a motion for terminating sanctions. (Dkt. No. 87 at 2.) Defendants stated they were preparing a motion for terminating sanctions, and sought to provide that information before the Court ruled on sanctions. (*Id.* at 3.)

On May 7, 2019, Plaintiff mailed her response to the order to show cause. (Dkt. No. 88-1.) Plaintiff's response was received by the Court on May 9, 2019. (Dkt. No. 88.) In her response, Plaintiff provided the required supplemental interrogatory responses, as ordered by the Court. (*Id.* at 1-5.) Because Plaintiff asserted she was in compliance with the Court's order, Plaintiff requested that the Court terminate the order to show cause. (*Id.* at 6.)

On May 10, 2019, Defendants filed their motion for terminating sanctions. (Dkt. No. 89.) In their motion, Defendants stated that Plaintiff had not fully complied with the Court's prior orders that Plaintiff serve verified responses and responsive documents to Defendants' Requests for Production, Set One, or to provide her initial disclosures to Defendant R&S. (*Id.* at 8.) Defendants also stated that Plaintiff had failed to provide any response to SW's Requests For Production, Set Two, and had refused to appear for her second day of deposition. (*Id.* at 10-12.) Defendants, however, did not contend that Plaintiff's supplemental interrogatory responses were deficient. (*See id.* at 9 ("Plaintiff did provide the minimally responsive answers to interrogatories to which Service West was entitled in the first instance.").)

After considering the parties' filings and Plaintiff's apparent compliance with the Court's April 23, 2019 order, the Court DISCHARGES the order to show cause, DENIES Defendants' motion to file briefing in support of terminating sanctions as moot in light of their filing the motion for sanctions, and TERMINATES the motion for sanctions. The Court ORDERS:

1. Plaintiff shall provide her responsive documents to Defendants' Requests for Production, Set One and SW's Requests for Production, Set Two, by **May 31, 2019**. If Plaintiff has no additional responsive documents, Plaintiff shall so state in her written response.

2. Plaintiff shall provide her initial disclosures to Defendant R&S by **May 31, 2019**.

3. The parties shall meet and confer on a date for Plaintiff's deposition, which shall occur no later than **June 14, 2019**, unless the parties mutually agree to a later date.

If the parties have any disputes, the parties shall meet and confer, and attempt to resolve

their dispute without judicial intervention.

If Plaintiff refuses to meet and confer, or to otherwise comply with this order or her general discovery obligations, the Court may issue sanctions, including monetary, issue, evidentiary, or terminating sanctions. In that event, Defendants need not re-file their motion for terminating sanctions, although the Court may request supplemental briefing as to what evidentiary or issue sanctions they believe are warranted.

Again, Plaintiff is reminded of her obligation to comply with discovery, which includes timely responses, meeting and conferring to resolve discovery disputes, and accommodating deadlines when appropriate. Plaintiff is not entitled to withhold evidence that is detrimental to her case, or unilaterally decide when her discovery responses are due. The Federal Rules of Civil Procedure set specific deadlines for responses. *See* Fed. R. Civ. P. 33(b)(2) (interrogatory responses are due within 30 days of being served), 34(b)(2)(A) (written responses to requests for production are due within 30 days of being served), 36(a)(3) (responses to requests for admission are due within 30 days of being served, or the matter is deemed admitted). If Plaintiff requires an extension, she should request one from Defendants.

IT IS SO ORDERED.

Dated: May 17, 2019

KANDIS A. WESTMORE
United States Magistrate Judge