# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br>Plaintiff,<br>v.<br>RUDOLPH AND SLETTEN INC.,<br>Defendant. | Case No. 18-cv-01402-PJH (KAW)<br><br>**ORDER TERMINATING DEFENDANT'S DISCOVERY LETTER**<br>Re: Dkt. No. 95, 97, 98 |

On June 24, 2019, Defendants filed a discovery letter regarding its request for an independent medical exam ("IME"). (Discovery Letter, Dkt. No. 95.) Although the parties met and conferred on June 21, 2019, the discovery letter only contained Defendants' position. (*See id.* at 1, 5.) Defendant stated that Plaintiff had not provided her position, but noted that the draft letter was not sent until Friday, June 21 at 7:11 p.m., with a request that Plaintiff provide her position by Monday, June 24 at 12:00 p.m. noon. (*Id.* at 5.) In short, Defendants did not even afford Plaintiff one full business day to respond.[1]

Because the discovery letter fails to comply with the Court's requirements that both parties' positions be stated, the Court TERMINATES the discovery letter. In the future, the parties shall ensure that sufficient time is given to the other side to provide their position.[2] The

---

[1] On July 1, 2019, Plaintiff filed an objection. (Dkt. No. 97.) On July 3, 2019, Defendants filed a "supplemental letter" to Plaintiff's objection. (Dkt. No. 98.) The purpose of the joint letter process is to **avoid** such filings, in addition to giving the parties an opportunity to resolve their disputes without judicial intervention. The Court will not consider these filings, and the parties are warned that in the future, such filings may be automatically terminated if the parties fail to meet and confer and provide a joint letter.

[2] Requiring an opposing party to provide their position in less than a business day would be improper even if that party was represented by counsel, absent exigent circumstances. Defendants cite no such circumstances, and the Court observes that the deadline for designation of experts is

Court further ORDERS the parties to meet and confer, in good faith, on this matter again.

If Plaintiff intends to oppose the IME, Plaintiff must provide concrete reasons in support. A preference not to stipulate is not an adequate reason; as Plaintiff has been repeatedly reminded, Plaintiff has an obligation to cooperate in discovery, and not require unnecessary motion practice. The Court further notes that there appears to be good cause to require that Plaintiff undergo an IME. (*See* Discovery Letter at 1-2.) Federal Rule of Civil Procedure 35(a)(1) states, in relevant part, that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." "A mental condition is 'in controversy' when it is itself the subject of the litigation." *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013). Thus, "courts will order plaintiffs claiming emotional distress damages to undergo an IME when . . . the plaintiff alleges a specific mental or psychiatric injury or disorder." *Id.*

Here, Plaintiff appears to have put her mental condition at issue by seeking $2 million in emotional distress, and has alleged psychiatric injuries including ongoing emotional distress, sleeplessness, paranoia, and extreme stress. (*See* Discovery Letter at 2.) Additionally, the Court will not itself "appoint" a medical examiner; absent a concrete showing of lack of qualifications or bias, the Court would be inclined to allow Defendants to choose a medical examiner of their choice. This would not preclude Plaintiff from presenting her own doctors or experts at her own expense. Further, if Plaintiff desires to have her own psychiatrist sit in during the examination -- again, at Plaintiff's own expense -- she should discuss this condition with Defendants.

IT IS SO ORDERED.

Dated: July 8, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

November 4, 2019.

2