# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br>Plaintiff,<br>v.<br>RUDOLPH AND SLETTEN INC.,<br>Defendant. | Case No. 18-cv-01402-PJH (KAW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT; GRANTING DEFENDANTS' REQUEST FOR AN IME**<br><br>Re: Dkt. Nos. 104, 105 |

On June 24, 2019, Defendants filed a discovery letter regarding their request for an independent medical exam ("IME"). (Dkt. No. 95.) Because the letter did not include both parties' positions, and "Defendants did not even afford Plaintiff one full business day to respond," the Court terminated the letter. (July 8, 2019 Ord. at 1, Dkt. No. 99.) The Court, however, noted that there appeared to be good cause to require that Plaintiff undergo an IME, as "Plaintiff appears to have put her mental condition at issue by seeking $2 million in emotional distress, and has alleged psychiatric injuries including ongoing emotional distress, sleeplessness, paranoia, and extreme stress." (*Id.* at 2.) The Court also stated that it "w[ould] not 'appoint' a medical examiner; absent a concrete showing of lack of qualifications or bias, the Court would be inclined to allow Defendants to choose a medical examiner of their choice." (*Id.*) The Court explained that "[t]his would not preclude Plaintiff from presenting her own doctors or experts at her own expense," and that "if Plaintiff desires to have her own psychiatrist sit in during the examination -- again, at Plaintiff's own expense -- she should discuss this condition with Defendants." (*Id.*)

The parties subsequently met and conferred, but were unable to come to an agreement on Plaintiff having her own psychiatrist attend the examination. (*See* Plf.'s Mot. to Appoint at 1-2, Dkt. No. 104; Defs.' Discovery Letter at 1-2, Dkt. No. 105.) Defendants did, however, offer to

allow Plaintiff to record the examination. (Defs.' Discovery Letter at 1.) Defendants subsequently sent Plaintiff a joint discovery letter; Plaintiff, however, refused to participate and provide her position. (Defs.' Discovery Letter, Exh. A.) Instead, on July 22, 2019, Plaintiff filed her motion to appoint Marcie Bastein to sit with her during the examination. (Plf.'s Mot. to Appoint at 2-3.) On July 23, 2019, Defendants filed their unilateral discovery letter.

Having reviewed the filings, the Court finds that Plaintiff's refusal to participate in the joint discovery letter is unwarranted and improper. As Plaintiff has repeatedly been informed, the parties are required to file **joint** discovery letters, including **both parties'** position. (*See* July 8, 2019 Ord. at 1 n.1; April 23, 2019 Ord. at 2, Dkt. No. 85; Mar. 6, 2019 Ord. at 4, Dkt. No. 71; Dec. 11, 2018 Ord. at 2, Dkt. No. 58.) Plaintiff's justifies her noncompliance by arguing that Defendants may misrepresent her position; this is not adequate.[1] (Plf.'s Mot. to Appoint at 4.) Plaintiff is not entitled to file a unilateral motion in lieu of a joint discovery letter.

Accordingly, the Court GRANTS Defendants' motion for an IME as unopposed. Plaintiff is again warned that failure to comply with the meet and confer requirements, including providing her position for the joint discovery letter, **will** result in the Court granting Defendants' discovery requests. (*See* Apr. 23, 2019 Ord. at 3 ("In the future, Plaintiff's failure to comply with the meet and confer requirements **will** result in the Court granting Defendants' discovery requests.").)

Even if Plaintiff had not failed to provide her position for the joint discovery letter, the Court finds that an IME is warranted. As explained in the July 8, 2019 order, Federal rule of Civil Procedure 35(a)(1) states, in relevant part, that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." "A mental condition is 'in controversy' when it is itself the subject of the litigation." *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013). Thus, "courts will order plaintiffs claiming emotional distress damages to

---

[1] To the extent Plaintiff suggests that Defendants misrepresented the July 8, 2019 order, the Court disagrees. The Court stated that the parties should discuss Plaintiff's request to have her psychiatrist sit in on the examination. (July 9, 2019 Order at 2.) The Court did **not** grant this condition; rather, the Court simply ordered the parties to meet and confer on this issue, in the hope that the parties could resolve the matter on their own.

undergo an IME when . . . the plaintiff alleges a specific mental or psychiatric injury or disorder." *Id.* Such is the case here, where Plaintiff seeks $2 million in emotional distress, and has alleged severe psychiatric injuries as a result of Defendants' actions. (Defs.' Discovery Letter at 2, 4.) Thus, an IME is warranted. Notably, even if the Court was to construe Plaintiff's motion as her position, Plaintiff does not oppose the IME itself; rather, she requests that her psychiatrist be appointed to sit in on the exam.

As to Plaintiff's motion to appoint Dr. Bastein, the Court DENIES Plaintiff's request. In general, although "courts have the discretion to allow for the presence of a third party under appropriate circumstances[, t]he 'overwhelming' majority of federal courts to consider the question have disallowed third parties to attend IMEs." *Lureen v. Doctor's Assocs.*, 4:17-cv-4016-LLP, 2017 U.S. Dist. LEXIS 167116, at *5-6 (D.S.D. Oct. 10, 2017). In particular, "[c]ourts have recognized that the presence of third parties during mental examinations may be distracting and may alter the results of the testing." *Newman v. San Joaquin Delta Cmty. College*, 272 F.R.D. 505, 513-14 (E.D. Cal. 2011); *see also Ragge v. MCA/Universal*, 165 F.R.D. 605, 609-10 (C.D. Cal. 1995) ("Third party observers may, regardless of their good intentions, contaminate a mental examination.").

In support of her motion, Plaintiff does not raise objections to Defendants' selected expert based on his qualifications. Instead, Plaintiff argues that a third party is necessary because she does not trust Defendants or their selected expert. (Plf.'s Mot. to Appoint at 2.) This is not a sufficient reason to permit Dr. Bastein to be present. *See Ragge*, 165 F.R.D. at 609 ("Although the Court is not required to accept defendants' proposed examiner as the examining psychiatrist, only if plaintiff raises a valid objection will the Court appoint a different examiner."). Furthermore, Plaintiff asks that the Court appoint Dr. Bastein, and to apparently pay her fees because "Plaintiff cannot pay the fees to hire her own psych to sit with her during and throughout the exam . . . ." (*Id.*) While Plaintiff is indigent, the Court has no authority to pay for Plaintiff's experts, nor does the Court find good cause to do so in this case. Additionally, to the extent Plaintiff is concerned about the integrity of the IME, Defendants have offered to allow Plaintiff to record the session. The Court finds this condition appropriate, as Plaintiff can present the recording to her

3

psychiatrist, and discuss any concerns she has with her psychiatrist.

Thus, for the reasons stated above, the Court DENIES Plaintiff's motion to appoint, and GRANTS Defendants' request for an IME. The Court notes that Plaintiff filed no objections to Defendants' proposed order. Accordingly, Plaintiff shall submit to an IME with Dr. Paul Berg no later than 45 days from the date of this order, unless otherwise agreed to by the parties and Dr. Berg. The IME shall be conducted pursuant to the terms and conditions set forth below.

1. Dr. Berg will conduct a psychological examination of Plaintiff to assist Defendants in understanding Plaintiff's allegations of mental, emotional, and/or psychiatric/psychological injury. The examination may not involve any physical examination or entail any blood tests. The examination may not be unnecessarily painful, protracted, or intrusive.

2. The examination will take no more than seven (7) hours of examination time (*i.e.*, excluding breaks) at Dr. Berg's office. Should Plaintiff refuse to cooperate with Dr. Berg, Defendants shall submit a declaration from Dr. Berg to the Court and seek additional examination time.

3. The examination will consist of a face-to-face interview, mental status examination, and two standardized tests: (1) the Minnesota Multiphasic Personality Inventory-2; and (2) the Millon Clinical Multiaxial Inventory III.

4. The interview may cover all relevant topics, including background information, the reported circumstances of onset of the alleged emotional injury or injuries, and how those symptoms have unfolded over time to the present, including any other assessments, treatment, or functional impairment. Pertinent areas of inquiry with regard to Plaintiff's background may include, in Dr. Berg's professional discretion, developmental history, education, employment, social and marital history, legal history, general medical history, prior psychiatric/psychological history, substance and/or alcohol use, and family history.

5. Dr. Berg may inquire into whether any blood relatives have a history of psychiatric/psychological disorders, substance or alcohol use, or neurological disorders, and, if so, which family member(s), the diagnosis, and a general description of treatment, but may not inquire as to the names of the family member(s) or their clinician(s).

4

6. Dr. Berg may inquire about whether psychiatric/psychological disorders have been present throughout Plaintiff's life, and if so, specifics regarding the diagnosis and treatments received (*i.e.*, when, where, the number of sessions of treatment, the name of the health care provider, and the general reasons for the treatment). In any instance where more than one person may have participated in counseling with Plaintiff, Dr. Berg may not ask Plaintiff to name such participants.

7. Plaintiff will be entitled to take reasonable breaks during the examination process, including, but not limited to, a lunch break, rest breaks, and bathroom breaks. The time spent on such breaks shall not impact the Court-ordered time limit.

8. No one other than Plaintiff and Dr. Berg will be permitted to be present during the examination. However, Plaintiff will be permitted to record (whether voice or video) the examination, either digitally or via audio tape. Plaintiff may play portions of the recording at trial.

9. Dr. Berg will be permitted to voice record the examination, either digitally or via audio tape, for use in making his assessment and drafting any report. Defendants may also play portions of the recording at trial.

10. Plaintiff and Defendants agree that the results of the psychological testing in this matter will be kept confidential and only used for purposes of the litigation. The records and any report may be used by defense counsel in preparation for trial, in trial, and in other proceedings in this matter, but for no other purpose. These records may not be used as exhibits to documents filed with the Court prior to trial unless filed under seal. At the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel for Defendants and/or Dr. Berg shall maintain or destroy all such records in accordance with the above-described confidential nature of these records.

11. Defendants are instructed to transmit a copy of this Order to Dr. Berg, who must abide by its terms.

12. Defendants shall pay Dr. Berg's fee for Plaintiff's IME and the costs of any associated testing.

13. If Plaintiff needs to cancel due to unavoidable conflict, she must do so within three

5

business days of her scheduled examination. If she fails to do so, or if she fails to show for the IME without notice, **Plaintiff** will be responsible for paying a cancellation fee of **$500.00**. Defendants may also move the Court for sanctions if Plaintiff fails to show without reasonable justification.[2] Regardless of any cancellation, Plaintiff must comply with the deadline for the examination set forth above.

14. Exchange or delivery of reports based on this examination shall be in compliance with the provisions of Rule 35 of the Federal Rules of Civil Procedure. For example, Rule 35(b)(1) provides that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report . . . ." Failure to deliver the report may result in the exclusion of the examiner's testimony at trial.

IT IS SO ORDERED.

Dated: August 19, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] The Court notes that although Plaintiff is indigent and cannot afford to pay fees and/or sanctions, her failure to comply with her discovery obligations may result in this Court recommending terminating, if not monetary, sanctions.

6