UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br>Plaintiff,<br>v.<br>RUDOLPH AND SLETTEN INC.,<br>Defendant. | Case No. 18-cv-01402-PJH (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTERS**<br>Re: Dkt. Nos. 113, 114 |

On March 2, 2018, Plaintiff Georgette G. Purnell filed these cases against Defendants Rudolph and Sletten, Inc. and Service West, Inc., alleging discrimination on the basis of race, sex, and national origin. (*See* Dkt. No. 1.)[1] On August 16, 2019, the parties filed joint discovery letters regarding: (1) Plaintiff's responses to Defendants' Requests for Production ("RFPs"), and (2) Defendants' request that Plaintiff appear for an additional five hours of deposition testimony. (Discovery Letter re RFPs, Dkt. No. 113; Discovery Letter re Deposition, Dkt. No. 114.) Having reviewed the discovery letters, the Court GRANTS Defendants' discovery requests, but DENIES Defendants' request that they be permitted to brief sanctions at this time.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* the court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or

---

[1] The cases were originally filed separately; on January 9, 2019, the cases were consolidated. (Dkt. No. 64.)

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## II. DISCUSSION

### A. Discovery Letter re Requests for Production

Defendants seek: (1) individual responses to their two sets of RFPs, and (2) the production of documents that Plaintiff stated she had during her deposition, but has failed to provide. (Discovery Letter re RFPs at 2-3.) Defendants also raise concerns that Plaintiff has not produced all relevant and/or responsive documents. (*Id.* at 3.) For example, Defendants state that after Plaintiff repeatedly stated she had provided all documents to Defendants, she then produced an additional 59 pages on June 14, 2019. Additionally, in an August 7, 2019 filing, Plaintiff stated she had other responsive documents that she had not yet produced. (*See* Dkt. No. 110 at 3 (stating that Plaintiff had a journal that she "will produce").)

In response, Plaintiff asserts that she had provided individual responses to Defendants stating that she had no further documents to produce, and that she "can send duplicate as courtesy copies of the documents to defendants already received by plaintiff on two separate occasions half way into deposition 1 and 2." (Discovery Letter re RFPs at 4.) Plaintiff also states that she has a recording but that she "don [sic] have the means to transfer this recording on a disc ay [sic] the moment." (*Id.* (all caps omitted).)

The Court has repeatedly ordered Plaintiff to provide responses to the RFPs, as well as any responsive documents. (*See* Dec. 11, 2018 Ord. at 3, Dkt. No. 58; Dec. 19, 2018 Ord. at 2, Dkt.

No. 60; Mar. 6, 2019 Ord. at 3-4, Dkt. No. 71.) While Plaintiff states that she has provided individual responses that she has no further documents to produce, Plaintiff also admits that she does in fact have documents, including a recording, that she has not produced to Defendants. (Discovery Letter re RFPs at 4.) Plaintiff **must** produce all responsive documents. Accordingly, the Court ORDERS Plaintiff to: (1) provide individual responses to each RFP, and (2) to produce **all** responsive documents and things within two weeks of the date of this order, including but not limited to the recording[2] and the journals she brought to her deposition. In her individual responses, Plaintiff **cannot** state she has no further responsive documents to produce if she does, in fact, have responsive documents. Failure to produce responsive documents as required by this order may result in the Court recommending evidentiary sanctions prohibiting Plaintiff from using any document not served on Defendants within two weeks of the date of this order.

### B. Discovery Letter re Deposition

Defendants request an additional five hours of deposition. (Discovery Letter re Deposition at 2.) While Defendants acknowledge that 10 hours and 20 minutes of deposition have been taken, Defendants explain that "[m]uch of the time in Plaintiff's deposition has been spent in fruitless attempts to persuade Plaintiff of her obligation to produce documents and to provide information, or in long-winded diatribes by Plaintiff that have little to no bearing on the questions asked." (*Id.*) Defendants also request that the Court require Plaintiff to produce any additional evidence she has before her deposition. (*Id.*)

Plaintiff does not deny that she was not responsive during her deposition. Instead, she states that she has already "endured 10 hours and 20 minutea [sic] off end being gruely [sic] interrogated by defendants, respectfully I ask when is enough enough . . . ." (Discovery Letter re Deposition at 3-4.) Thus, she opposes a third session of deposition.

The Court GRANTS Defendants' request for five additional hours of deposition. Plaintiff must make herself available within 30 days of the date of this order, unless the parties mutually agree otherwise. The deposition will be held at the San Francisco office of Defendant Service

---

[2] If Plaintiff is unable to duplicate the recording on her own, and Defendants are willing, she can provide the recording to Defendants and allow them to copy the recording.

3

West's counsel. Plaintiff must produce any responsive documents she possesses prior to the deposition. At the deposition, Plaintiff should not go on tangents, and must **directly** answer the questions posed to her. In so ordering, the Court emphasizes that Plaintiff has filed this lawsuit and is required to undergo deposition. The only way to avoid this obligation is to dismiss the lawsuit.

### C. Sanctions

Defendants request the opportunity to submit additional briefing regarding sanctions against Plaintiff. (Discovery Letter re RFPs at 4; Discovery Letter re Deposition at 3.) The Court denies the request at this time. If Plaintiff fails to comply with this order, however, Defendants may move for sanctions, and the Court will seriously consider imposing both monetary and evidentiary sanctions, including but not limited to recommending terminating sanctions by the trial judge.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS Plaintiff to:

(1) Provide individual responses to each RFP within two weeks of the date of this order;

(2) Produce all responsive documents and things within two weeks of the date of this order; and

(3) Appear for deposition for an additional five hours within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: August 27, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge